| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Not For Publication |

| | |
|---|---|
| In re | Chapter 7 |
| MICHAEL ROY BRESSLER, | Case No. 06-11897 (AJG) |
| Bressler. | |
| STEVEN STRUM, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 07-01703 |
| MICHAEL ROY BRESSLER, | |
| Defendant. | |

**OPINION AND ORDER GRANTING BRESSLER'S ORAL REQUEST TO ENLARGE TIME TO ANSWER**

Before the Court is Mr. Michael R. Bressler's ("Bressler") oral request to enlarge the time to answer (the "Motion") Mr. Steven Strum's ("Strum") complaint. Federal Rule of Bankruptcy Procedure 9006 governs a motion to enlarge the time to answer.

On June 18, 2007, the Court issued an order denying Bressler's motion to dismiss Strum's complaint due to Strum's failure to pay the filing fee. On June 25, 2007, Bressler filed a motion, pursuant to Federal Rule of Bankruptcy Procedure 8005, for a stay of the adversary proceeding pending appeal of the Court's order dated June 18, 2007 (the "Motion for Stay Pending Appeal"). The Court denied that motion on July 9, 2007. The answer was due June 28, 2007.[1]

---

[1] Federal Rule of Bankruptcy Procedure 7012, patterned after Federal Rule of Civil Procedure 12, states, in relevant part, "The service of a motion permitted under this rule alters these periods of time as follows: (1)

In the instant case, Bressler bases his failure to file a timely answer to Strum's complaint upon his presumption that the Motion for Stay Pending Appeal included a request to stay his time to answer the complaint. At the pre-trial conference on July 11, 2007, Bressler stated at some point after he filed the Motion for Stay Pending Appeal, he realized that it did not include language asking the Court to stay his answer until the Court ruled on that motion. Further, Bressler stated when he realized that the Motion for Stay Pending Appeal did not include such language, he immediately contacted the Court's Chambers, which was on or about July 5, 2007, to inquire how to bring it to the Court's attention. Bressler also stated a member of the Court's Chambers told him to raise any issue at the pre-trial conference on July 11, 2007.[2] In addition, Bressler contends that the complaint is very complicated and states his strategy was to first get the case dismissed and if not, stay the adversarial proceeding, which did not "work out" in his favor. Bressler admits he made a mistake and argues that Strum would not be prejudiced if the Court allows him to file an out-of-time answer. Bressler further states that if the Court grants the Motion, he is prepared to file an answer immediately. On July 16, 2007, Bressler filed an answer in anticipation of the Court granting the relief sought in the Motion.

In response, Strum argues that the Court should not grant the Motion. Strum contends that Bressler had ample time to answer the complaint and that Bressler is a former lawyer who knew exactly what his obligations were with respect to this proceeding. Strum further argues that Bressler has knowingly and deliberately lied to the

---

if the court denies the motion…, the responsive pleading shall be served within 10 days after notice of the court's action…." Federal Rule of Bankruptcy Procedure 9006 states, in relevant part, "When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

[2] Prior to that date, on July 9, 2007, the Court issued an order denying the Motion for Stay Pending Appeal.

2

Court throughout this proceeding and has defied the Court on numerous occasions, thus, Bressler must be taught a lesson.

Federal Rule of Bankruptcy Procedure 9006 ("Rule 9006"), patterned after Federal Rule of Civil Procedure 6 ("Rule 6"), governs a motion for an enlargement of time made after the expiration of the specified period. Rule 9006(b)(1) states, in relevant part

> …when an act is required or allowed to be done at or within specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion…(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

A finding of excusable neglect under Rule 6 requires that the party seeking an enlargement of time demonstrate both good faith and a reasonable basis for not acting within the specified period.[3] *Georgopolous v. Int'l Bhd. of Teamsters*, 164 F.R.D. 22 (S.D.N.Y. 1995); *In re Del-Val Fin. Corp. Sec. Litig.*, 154 F.R.D. 95, 96 (S.D.N.Y. 1994); *In re Prudential Sec. Inc. Ltd. Pshps. Litig.*, 158 F.R.D. 301, 303-304 (S.D.N.Y. 1994).

For the reasons set forth below, the Court finds that Bressler's explanation for his delay provides a reasonable basis for granting the Motion. Bressler attributes his delay to his presumption that in the Motion for Stay Pending Appeal he was also moving the Court for a ruling staying his time to answer until the Court ruled on that motion. Additionally, Bressler also attributes his delay to confusion regarding the effect of the

---

[3] Some courts use the *Pioneer* standard or the Federal Rule of Civil Procedure 55(c) standard in order to determine whether the movant's conduct constitutes excusable neglect. Excusable neglect is an equitable determination, taking into account the circumstances surrounding the movant's omission such as the reason for the delay, prejudice to the non-moving party, and whether the movant acted in good faith. In this case, under any of these standards, the Court would reach the same conclusion.

3

Motion for Stay Pending Appeal on the adversary proceeding.  This confusion delayed Bressler's answer to Strum's complaint and Bressler immediately notified the Court of the confusion on or about July 5, 2007, six days after the answer was due, in order to address the issue in an expeditious manner.

The procedural complexity of the instant matter coupled with the confusion surrounding what language was included in the Motion for Stay Pending Appeal provide a reasonable basis for granting the instant motion.  Even though Bressler is a former attorney, nonetheless, under the circumstances of the instant matter, the Court finds that it is reasonable that Bressler thought the Motion for Stay Pending Appeal included a request to stay the time to file an answer that would then have arguably stayed his time to answer until the Court ruled on that motion.

Moreover, Bressler has consistently and aggressively refuted Strum's assertions in a timely manner since the inception of the adversarial proceeding.

Furthermore, the Court finds that Bressler's delay in filing an answer was not part of his overall strategy to refrain from answering the complaint.  The Court notes that Bressler has acted in good faith and Strum will not be prejudiced by the delay.

After considering the criteria for determining whether Bressler's conduct constitutes excusable neglect under Rule 6, based upon the circumstances of the case and in the interest of justice, the Court finds that Bressler has met the necessary burden for the Court to grant the Motion.  Although the Court grants the Motion, Bressler "should not view [the] Court's ruling as a license to disregard the requirements imposed by the Federal Rules of Civil Procedure, [the Federal Rules of Bankruptcy Procedure], the Local Rules, or [the] Court's Individual Rules."  *Georgopolous*, 164 F.R.D. at 24.

4

Accordingly, for the reasons set forth herein, it is hereby

ORDERED, that the Motion is GRANTED; it is further

ORDERED, Bressler's answer filed on July 16, 2007 is deemed timely; and it is further

ORDERED, that a pre-trial hearing shall be held on August 1, 2007 at 11:00 a.m.


Dated: New York, New York
       July 20, 2007

                                      **s/Arthur J. Gonzalez**
                                      UNITED STATES BRNAKRUPTCY JUDGE